## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RYAN ROLAND TUMINELLI,

     Plaintiff,

-vs-

                             Case No.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RYAN ROLAND TUMINELLI (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and TRANS UNION LLC (hereinafter "Trans Union"); (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Volusia County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

20.     Upon information and belief, Plaintiff is a victim of identity theft.

21.     In or about 2022, Plaintiff first became aware of erroneous information appearing in his credit file.

22.     Since that time, Plaintiff has made multiple attempts to correct his credit file without much success.

23.     In or about March/April 2024, Plaintiff contacted the CRAs to dispute inquiries and the following accounts which did not belong to him.

     i.    Affirm Inc., partial account number I93LD6*;

    ii.    Affirm Inc, partial account number W5ZLP3*;

   iii.    FSB Blaze, partial account number 518213*;

   iv.    Kohls/Capital One, partial account number 639305*;

    v.    LVNV Funding LLC, partial account number ending in x6817;

   vi.    Navy Federal Credit Union, partial account number 706881*;

  vii.    Synovus/ First Digital, partial account number 526449025091*;

 viii.    Vystar Credit Union, partial account number 45075092*;

   ix.    Vystar Credit Union, partial account number 400520734001*;

x.    West Creek Financial d/b/a Koalafi, partial account number 28320*; and

xi.    Webbank/Freshstart, partial account number 636992033239*.

24.    On or about April 10, 2024, Plaintiff received dispute results from Trans Union which stated the following accounts were verified and updated.

i.    Navy Federal Credit Union, partial account number 706881*;

ii.    Synovus/ First Digital, partial account number 526449025091*;

iii.    Vystar Credit Union, partial account number 45075092*;

iv.    Vystar Credit Union, partial account number 400520734001*;

v.    West Creek Financial d/b/a Koalafi, partial account number 28320*; and

vi.    Webbank/Freshstart, partial account number 636992033239*.

25.    Trans Union failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

26.    On or about April 15, 2024, Plaintiff received dispute results from Equifax which only stated a hard inquiry from Capital One Bank would remain. However, upon review of his updated Equifax credit report, Plaintiff observed LVNV Funding LLC, partial account number ending in x6817, continued to appear in his credit report with a comment which stated, "Consumer disputes this account info".

6

27.     Equifax failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

28.     Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the following accounts continued to appear each with a comment which indicated the account was previously in dispute and verified as accurate.

     i.    Affirm Inc., partial account number I93LD6*;

    ii.    Affirm Inc, partial account number W5ZLP3*;

   iii.    FSB Blaze, partial account number 518213*;

   iv.    Kohls/Capital One, partial account number x5936; and

    v.    Navy Federal Credit Union, partial account number x7913.

29.     Experian failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

30.     On or about April 20, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171981213. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts had been opened under his name and were listed in his credit report.

31.     On or about April 22, 2024, Plaintiff reviewed his credit reports. Upon review, Plaintiff observed personal identifying information, including addresses, and

several hard inquiries which did not belong to him. Further, Plaintiff observed

several accounts which did not belong to him:

| **Furnisher** | **CRA** | **Account No.** | **Status** |
|---|---|---|---|
| Affirm Inc | Experian | I93LD6* | Collection, Past Due $952 |
| Affirm Inc. | Experian | W5ZLP3* | Collection, Past Due $102 |
| Applied Bank | Equifax | x4979 | Closed |
| Credit One Bank NA | Experian | 444796* | Closed, Past due $65 |
| Feb Destiny | Equifax | x3763 | Closed |
| First Premier Bank | Experian | 517800* | Closed, Charge Off $335 |
| FSB Blaze | Experian, Trans Union | 518213* | Closed, Charge Off $454 |
| Kohls/Capital One | Equifax, Experian | x5936 | Closed, Charge Off $5,675 |
| Lending USA LLC | Equifax | x4124 | Closed, Charge Off |
| LVNV Funding LLC | Equifax | x6817 | Closed, Balance $257 |
| Merrick Bank | Equifax | x4189 | Closed |
| Navy Federal Credit Union | Equifax, Experian, Trans Union | x7913 | Closed, Charge Off $1,043 |
| Revvi/MRV Banks | Equifax | x0054 | Closed |
| Synovus/First Digital | Equifax, Experian, Trans Union | x8924 | Closed, Charge Off $452 |
| Upgrade Inc. | Experian | 109794* | Balance $979 |
| Varo Bank, N.A. | Experian | 457691* | Closed, Charge Off $92 |
| Verizon Wireless | Experian | 326593* | Closed, Collection, $349 past due |
| Vystar Credit Union | Equifax, Experian, Trans Union | x7990 | Open/Past due, Balance $2,023 |
| Vystar Credit Union | Experian, Trans Union | 400520* | Closed, Balance $7,495 |
| WebBank/Fingerhut Freshstart | Equifax, Trans Union | x4684 | Closed, Charge Off $103 |
| Wells Fargo/Dillards | Equifax | x7644 | Closed |
| West Creek Fin d/b/a Koalafi | Trans Union | 28320* | Charge Off $1,131 |

32.     Due to the inaccurate reporting, on or about April 26, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft, and that personal identifying information and hard inquiries were appearing in his credit file which did not belong to him. Further, Plaintiff advised the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license and recent billing statement with his current address in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

33.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0674 2582 78), Experian (9589 0710 5270 0674 2582 54), and Trans Union (9589 0710 5270 0674 2582 61).

34.     On or about May 3, 2024, Plaintiff received a response from Equifax which stated the proof of identity that was provided did not match what was currently on Plaintiff's credit file and requested additional proof of identification despite Plaintiff having provided his current driver's license and recent billing statement.

35.     On or about May 8, 2024, and May 22, 2024, Plaintiff received responses from Equifax acknowledging receipt of his dispute. However, despite confirmation of delivery, Equifax did not provide dispute results or a copy of his credit report in the mail to Plaintiff.

36.     On or about June 4, 2024, Plaintiff reviewed his Equifax credit report and observed the following.

| **Furnisher** | **Account No.** | **Status** |
|---|---|---|
| Applied Bank | x4979 | Continue to report; Closed |
| Feb Destiny | x3763 | *Not reported* |
| Kohls/Capital One | x5936 | Continue to report; Closed, Charge Off $5,675 |
| Lending USA LLC | x4124 | Continue to report; Closed, Charge Off |
| LVNV Funding LLC | x6817 | *Not reported* |
| Merrick Bank | x4189 | Continue to report; Closed |
| Navy Federal Credit Union | x7913 | Continue to report; Closed, Charge Off $1,043 |
| Revvi/MRV Banks | x0054 | Continue to report; Closed |
| Synovus/First Digital | x8924 | *Not reported* |
| Vystar Credit Union | x7990 | *Not reported* |
| WebBank/Fingerhut Freshstart | x4684 | Continue to report; Closed, Charge Off $103 |
| Wells Fargo/Dillards | x7644 | Continue to report; Closed |

37.     Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

38.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

39.     Equifax never attempted to contact Plaintiff during the alleged investigation.

10

40.     On or about May 22, 2024, and May 24, 2024, Plaintiff received dispute results from Experian which stated four (4) hard inquiries were removed and the following as to the disputed accounts.

| **Furnisher** | **Account No.** | **Status** |
|---|---|---|
| Affirm Inc | I93LD6* | Remains |
| Affirm Inc. | W5ZLP3* | Remains |
| Credit One Bank NA | 444796* | *Deleted* |
| First Premier Bank | 517800* | *Deleted* |
| FSB Blaze | 518213* | Verified and updated |
| Kohls/Capital One | x5936 | No results received; continue to report |
| Navy Federal Credit Union | x7913 | No results received; continue to report |
| Synovus/First Digital | x8924 | Remains |
| Upgrade Inc. | 109794* | No results received; continue to report |
| Varo Bank, N.A. | 457691* | *Deleted* |
| Verizon Wireless | 326593* | Verified and updated |
| Vystar Credit Union | x7990 | Verified and updated |
| Vystar Credit Union | 400520* | Verified and updated |

41.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.     Experian never attempted to contact Plaintiff during the alleged investigation.

43.     On or about May 5, 2024, Plaintiff received a response from Trans Union regarding "Remedying the Effect of Identity Theft". Additionally, Plaintiff received a second response from Trans Union which stated the request was missing essential personal identifying information and account specific information despite

Plaintiff having provided a copy of his current driver's license, recent billing statement, and images of the erroneous reporting.

44.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

46.     Due to the continued inaccurate reporting, on or about June 22, 2024, Plaintiff mailed a second detailed dispute letter to Equifax and Trans Union. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated that he was a victim of identity theft, and that personal identifying information and hard inquiries and the aforementioned accounts were continuing to appear in his credit file which did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license and recent billing statement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC identity theft report, and other supporting documents.

47.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9402 6112 0621 0215 2931 81) and Trans Union (9402 6112 0621 0215 2954 68).

48.     Further, Plaintiff submitted additional disputes online to Experian regarding the continued inaccurate reporting.

49.     On or about July 3, 2024, Plaintiff received dispute results from Equifax which stated Vystar Credit Union, partial account number ending in x7990, was verified as accurate.

50.     On or about July 18, 2024, Plaintiff received additional dispute results from Equifax which updated Plaintiff's current address and stated the following.

| **Furnisher** | **Account No.** | **Status** |
|---|---|---|
| Applied Bank | x4979 | Verified as accurate |
| Kohls/Capital One | x5936 | Verified as accurate |
| Merrick Bank | x4189 | Verified as accurate |
| Wells Fargo/Dillards | x7644 | Verified as accurate |

51.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.     Equifax never attempted to contact Plaintiff during the alleged investigation.

53.     On or about July 15, 2024, Plaintiff received a response from Trans Union which stated WebBank/Fingerhut Freshstart, partial account number ending in x4684, was reinserted in his credit report and verified as accurate.

54.     Despite confirmation of delivery, Plaintiff did not receive any other dispute results or a copy of his credit report from Trans Union.

55.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

56.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

57.     On or about July 17, 2024, July 19, 2024, and July 22, 2024, Plaintiff received dispute results from Experian which deleted one (1) hard inquiry and stated the following as to the disputed accounts.

| **Furnisher** | **Account No.** | **Status** |
| --- | --- | --- |
| Affirm Inc | I93LD6* | *Deleted* |
| Affirm Inc. | W5ZLP3* | Remains |
| Kohls/Capital One | x5936 | *Deleted* |
| Verizon Wireless | 326593* | Verified and updated |
| Vystar Credit Union | x7990 | *Deleted* |
| WebBank/Fingerhut Freshstart | x4684 | Verified and updated |

58.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

59.     Experian never attempted to contact Plaintiff during the alleged investigation.

60.     On or about July 31, 2024, Plaintiff obtained updated copies of his Equifax and Experian credit reports. Plaintiff attempted to obtain a copy of his Trans Union credit report, but it was not available. Upon review, Plaintiff observed the following erroneous accounts in his credit file.

| Furnisher | CRA | Account No. |
|---|---|---|
| Affirm Inc. | Experian | W5ZLP3* |
| Applied Bank | Equifax | x4979 |
| LVNV Funding LLC | Equifax, Experian | x3494 |
| Merrick Bank | Equifax | x4139 |
| Upgrade Inc. | Equifax, Experian | x4877 |
| Verizon Wireless | Equifax, Experian | 326593* |
| Vystar Credit Union | Equifax | x7990 |
| Vystar Credit Union | Equifax | x7142 |
| Vystar Credit Union | Equifax | x2961 |
| Wells Fargo/Dillards | Equifax | x7644 |

61.     On or about July 31, 2024, Plaintiff submitted online a dispute to Equifax regarding the newly added erroneous accounts, Vystar Credit Union, partial account number ending in x7142, and Vystar Credit Union, partial account number ending in x2961.

62.     As of the filing of this Complaint, Plaintiff has not received dispute results regarding his recent online dispute.

63.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Defendants continue to inaccurately report the fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.     Defendants have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

15

65.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

66.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.     Loss of time attempting to cure the errors;

    iii.     Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.     Apprehensiveness to apply for new credit due to the fear of rejection.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

68.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

70.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

71.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

72.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

73.     Equifax violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

74.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

78.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

80.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

82.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

84.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

19

85.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

87.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

88.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

20

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

89.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

90.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

91.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

94.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

95.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

98.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

101. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

102. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

103. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

104. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

105. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

110.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

111.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

112.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

115.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

116.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117.    Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

118.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

119.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

120.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

121.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

122.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

123.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

124.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Willful)**

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

126.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

127.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

128.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

129.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

130.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

131.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

132.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. §
1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after
receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable
reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable
procedures with which to filter and verify disputed information in Plaintiff's credit
file; (iv) failing to review and consider all relevant information submitted by Plaintiff
in the disputes; and (v) relying upon verification from a source it has to know is
unreliable.

137.   Despite the large amount of information and documentation produced
by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct
independent investigations into Plaintiff's disputes and simply transferred the duty
to investigate to the furnisher(s).

138.   Plaintiff provided Experian with the information it needed to confirm
that he was a victim of identity theft. Experian ignored this information and failed
to conduct a thorough investigation into his disputes or otherwise make his credit
file accurate.

139.   As a direct result of this conduct, action and/or inaction of Experian,
Plaintiff suffered damage, including without limitation, loss of the ability to benefit
from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

145.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

146.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

149. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

150. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

151.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

152.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

153.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

154.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

155.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

156.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

158.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

160.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

161.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

162.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

36

163.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

164.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

165.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

166.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

168.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

170.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

171.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

172.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

173.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

177.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

178.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

179.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

180.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

181.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

182.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

183.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

41

184.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

185.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

186.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

187.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

189.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

190. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

191. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

192. Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

193. Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

194. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

43

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

195. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

196. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RYAN ROLAND TUMINELLI, respectfully requests that this Court award judgment for actual, statutory, compensatory, and

punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 2nd day of August 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*